FILED
2023 Mar-09  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GBX ASSOCIATES LLC, | ) | |
| | ) | Case No. 1:22-cv-00401-PAB |
| Plaintiff, | ) | |
| | ) | Judge Pamela A. Barker |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER

The defendants United States of America, Department of Treasury, and Internal Revenue

Service (collectively "United States"), through undersigned counsel, respond to the Complaint of

GBX Associates, LLC ("GBX") and state as follows:

### FIRST DEFENSE

To the extent that GBX asserts claims and seeks relief on behalf of others who are not

parties to this case, such as GBX's consultants, advisors, investors, and clients, GBX lacks

standing to do so.

### SECOND DEFENSE

To the extent that GBX seeks relief restraining the assessment or collection of penalties

that the IRS may impose against other taxpayers related to the transaction described in IRS

Notice 2017-10, the action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

### THIRD DEFENSE

For its third defense, the United States answers the enumerated paragraphs of the

Complaint as follows; the United States' responses are in bold type:

SUMMARY OF THE CASE

1.      Internal Revenue Service Notice 2017-10, attached as Exhibit 1, requires taxpayers and material advisors to report information about certain transactions involving charitable contribution of a conservation easement.

**Answer:  This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

2.      The consequences for noncompliance include both civil penalties and criminal prosecution.

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

3.      Before an agency may promulgate a regulation that has the force of law, the Administrative Procedure Act, 5 U.S.C. §§ 551, 553-59, 701-06 ("APA") requires the agency to publish a notice about the proposed rule, allow the public to comment on the rule and, after considering the comments, make appropriate changes and include in the final rule a concise general statement of its contents (the "notice-and-comment procedures").

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

4.      The Internal Revenue Service ("IRS") did not follow these notice-and-comment procedures when it issued Notice 2017-10.

**Answer: Admits.**

5.      Plaintiff seeks entry of a judgment declaring that Notice 2017-10 is unlawful and an injunction enjoining its enforcement.

**Answer: Admits that plaintiff seeks the relief described in this paragraph.**

6.      In light of the recent decision of the United States Court of Appeals for the Sixth Circuit in *Mann Construction, Inc. v. United States,* No 21-1500 (Mar. 3, 2022), Plaintiff's likelihood of success in challenging the lawfulness of Notice 2017-10 is high.

**Answer: Admits on the ground that *Mann Construction* is now controlling law within the Sixth Circuit and that the analysis in that decision regarding IRS Notice 2007-83 appears to apply with equal force to IRS Notice 2017-10. The United States reserves the right to challenge the correctness of the *Mann Construction* decision, and to assert the validity of Notice 2017-10, in cases outside the Sixth Circuit.**

7.      Plaintiff is suffering and will continue to suffer irreparable harm without an injunction because compliance with the obligations triggered by Notice 2017-10 involves significant time and expense, and the stigma of being involved in transactions described as tax avoidance transactions in Notice 2017-10 damages Plaintiff's business.

**Answer: Lacks knowledge or information sufficient to admit or deny.**

8.      The public interest is best served by requiring agencies to obey Congressionally mandated procedures when promulgating rules that have force of law and carry both civil and criminal sanctions.

**Answer: Admits as a general proposition.**

## PARTIES, JURISDICTION AND VENUE

9.      Plaintiff GBX Associates LLC ("GBX") is a limited liability company with its headquarters located at 2101 Superior Avenue, Cleveland, Ohio.

**Answer: Admits.**

10.      Defendants are the United States of America; one of its administrative agencies, the Department of the Treasury ("Treasury"); and a bureau of Treasury, the IRS.

**Answer: Admits.**

11.     This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 2201 and the APA, 5 U.S.C. § 702.

**Answer: Lacks knowledge or information sufficient to admit or deny.**

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1)(C).

**Answer: Admits to the extent that the Court has subject-matter jurisdiction.**

## BACKGROUND AND FACTS

13.     GBX is a real estate investment and development firm that focuses on the acquisition, preservation and rehabilitation of historic buildings in urban centers.

**Answer: Admits that this is plaintiff's characterization of its business; lacks knowledge or information sufficient to admit or deny whether this is a fair characterization.**

14.     To assemble the capital required to make these historic buildings contributing assets to the community, GBX utilizes a variety of federal, state and local tax incentives.

**Answer: Admits that this is plaintiff's characterization of its business; lacks knowledge or information sufficient to admit or deny whether this is a fair characterization.**

15.     Congress created two tax incentives related to the rehabilitation and preservation of historic buildings; rehabilitation credits, known as Historic Tax Credits, in 26 U.S.C. § 47, and a tax deduction for the charitable contribution of an easement that preserves the historic character of a certified historic structure, known as an Historic Preservation Easement, in 26 U.S.C. § 170(h).

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

16.     As the IRS has acknowledged, "Congress wanted to encourage both the

rehabilitation of historic structures and the granting of façade easements and provided tax incentives to encourage both." Rev. Rul. 89-90, 1989-2 C.B.

**Answer: Admits that the source contains the quoted language.**

17. An Historic Preservation Easement is a "qualified real property interest" described in 26 U.S.C. § 170(h).

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

18. The Internal Revenue Code allows a deduction for a qualified conservation contribution, which is a contribution of a qualified real property interest to a qualified organization exclusively for conservation purposes. 26 U.S.C. §§ 170(f)(3)(B)(iii), 170(h)(1)- (5).

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

19. To utilize this incentive to generate the capital necessary to acquire, preserve and rehabilitate historic buildings, GBX established funds through which investors invest in real estate projects and receive, as part of their return on investment, allocations of deductions.

**Answer: Admits that this is plaintiff's characterization of its business; lacks knowledge or information sufficient to admit or deny whether this is a fair characterization.**

20. On December 23, 2016, without first providing any notice to the public or soliciting comments from the public, Treasury and the IRS released Notice 2017-10, entitled "Listing Notice--Syndicated Conservation Easement Transactions."

**Answer: Admits that the government did not follow the APA's notice-and-comment procedures for Notice 2017-10.**

21. Notice 2017-10 identifies syndicated conservation easement transactions and any

substantially similar transactions as "listed transactions" for purposes of 26 U.S.C. § 6111 and 6112 and 26 C.F.R. § 1.6011-4(b)(2).

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

22.     The designation as a "listed transaction" imposes reporting and recordkeeping requirements on taxpayers who participate in the transaction and on material advisors. 26 U.S.C. § 6111, 6112.

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

23.     Notice 2017-10 specifies that participants in the transaction "include, but are not limited to, investors, the pass-through entity (any tier, if multiple tiers are involved in the transaction), or any other person whose tax return reflects tax consequences or a tax strategy described" in the Notice.

**Answer: Admits that the Notice contains the quoted language.**

24.     The required reporting for participants is done on IRS Form 8886, Reportable Transaction Disclosure Statement, which must be included with the taxpayer's income tax return and separately submitted to the IRS Office of Tax Shelter Analysis.

**Answer: Admits.**

25.     The instructions to Form 8886 estimate that the burden of completing it is, on average, 21 hours and 31 minutes.

**Answer: Admits that the Paperwork Reduction Act Notice at the end of the instructions estimates such a burden for certain taxpayers, but that the form adds that "[t]he time needed to complete and file this form will vary depending on individual circumstances."**

26.     Each taxpayer required by Notice 2017-10 to file Form 8886 who fails to do so faces a civil penalty of up to $100,000 or $200,000, depending on whether they are natural persons.  26 U.S.C. § 6707A(b)(2)(A).

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

27.     Any person required by Notice 2017-10 to file Form 8886 who "willfully" fails to do so also faces criminal sanctions of fines and up to one year in prison for each unfiled form. 26 U.S.C. § 7203.

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

28.     Material advisors have both reporting and list maintenance obligations that arise from Notice 2017-10.

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

29.     The required reporting for material advisors is done on IRS Form 8918, Material Advisor Disclosure Statement, which must be filed with the IRS Office of Tax Shelter Analysis by the last day of the month that follows the end of the calendar quarter in which the advisor became a material advisor.

**Answer: Admits.**

30.     Material advisors who file Form 8918 receive a reportable transaction number from the IRS and must provide that reportable transaction number to all taxpayers and other material advisors for whom the material advisor acts as a material advisor.

**Answer: Admits.**

31.     The instructions to Form 8918 estimate that the burden of completing it is, on average, 14 hours and 31 minutes.

**Answer: Admits that the "Privacy Act and Paperwork Reduction Act Notice" that appears after the end of the instructions estimates such a burden for certain taxpayers, but it adds that, "[t]he time needed to complete and file this form will vary depending on individual circumstances."**

32.     Each material advisor required by Notice 2017-10 to file Form 8918 who fails to do so faces a civil penalty of the greater of $200,000 or 50 percent of the gross income derived by such person with respect to aid, assistance or advice which is provided with respect to the listed transaction, increased to 75 percent in the case of an intentional failure.  26 U.S.C. § 6707(b).

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

33.     Any person required by Notice 2017-10 to file Form 8918 who "willfully" fails to do so faces criminal sanctions of fines and up to one year in prison for each unfiled form.  26 U.S.C. § 7203.

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

34.     A material advisor is also required to maintain a list identifying each person with respect to whom the advisor acted as a material advisor.  The list must include: (1) an itemized statement containing: (a) the name of each reportable transaction, the citation to the published guidance number for the transaction, and the reportable transaction number, (b) the name, address and TIN of each person required to be included, (c) the date on which each person

entered into each reportable transaction, if known, (d) the amount invested in each reportable transaction by each person, if known, (e) a summary or schedule of the tax treatment that each person is intended or expected to derive from participation in each reportable transaction, and (f) the name of each other material advisor to the transaction, if known; (2) a detailed description of the transaction that describes both the tax structure of the transaction and the purported tax treatment of the transaction; and (3) documents, including: (a) a copy of any designation agreement, and (b) copies of additional written materials, including tax analyses or opinions, related to each reportable transaction.  26 C.F.R. §301.6112-1.

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

35.     Each material advisor must maintain that list in readily accessible form for seven years and make it available to the IRS upon request.  26 C.F.R. §301.6112-1.

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

36.     Each material advisor required by Notice 2017-10 to maintain a list who fails to make such list available within 20 days of a written request from the IRS faces a civil penalty of $10,000 for each day of such failure.  26 U.S.C. § 6708(a).

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

37.     Any person required by Notice 2017-10 to maintain a list and make it available upon request who "willfully" fails to do so also faces criminal sanctions of fines and up to one year in prison.  26 U.S.C. § 7203.

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources**

cited or referenced herein. **No response should be required.**

38. In addition to federal reporting obligations, several states have laws that impose reporting obligations that are triggered by the IRS's "listed transaction" designation. As a result, both participants and advisors must file disclosures with state revenue departments or face penalties for their failure to do so.

**Answer: This paragraph purports to summarize, characterize or paraphrase unspecified state laws. No response should be required.**

39. GBX is a material advisor with respect to Historic Preservation Easement transactions that the IRS considers substantially similar to the listed transaction described in Notice 2017-10.

**Answer: Admits that GBX is a material advisor with respect to transactions that are the same or substantially similar to the transaction described in Notice 2017-10. To the extent that paragraph 39 is alleging something inconsistent with the preceding sentence, the allegation is denied.**

40. While GBX believes that that the investment funds it forms and manages are distinguishable from the listed transaction described in Notice 2017-10 and are not tax avoidance transactions, the penalties for non-compliance with Notice 2017-10 are so extreme that GBX works diligently to comply on a protective basis with all of the reporting and list maintenance requirements arising from the Notice.

**Answer: Denies the allegation that GBX's transactions are distinguishable from the transaction described in Notice 2017-10. Lacks knowledge or information sufficient to admit or deny the remaining allegations.**

41. GBX spends significant time and money complying with the onerous

requirements Notice 2017-10 imposes on GBX as a material advisor and on the funds and project partnerships it manages.

**Answer: Lacks knowledge or information sufficient to admit or deny.**

42.     GBX also spends significant time and money providing information regarding the reporting and list maintenance requirements to other material advisors, to the investors who participate in the funds GBX offers and to the tax professionals who work with those material advisors and investors.

**Answer: Lacks knowledge or information sufficient to admit or deny.**

43.     GBX estimates that its employees spend 150-200 hours each year on compliance with Notice 2017-10.

**Answer: Lacks knowledge or information sufficient to admit or deny.**

44.     GBX also pays outside advisors for guidance on compliance with Notice 2017-10 and review of the Forms 8886 and 8918 that must be filed with the IRS.

**Answer: Lacks knowledge or information sufficient to admit or deny.**

45.     There is no mechanism for GBX to recover the economic costs associated with complying with Notice 2017-10 and GBX cannot stop incurring these costs without risking criminal prosecution unless and until the Court declares Notice 2017-10 unlawful and sets it aside.

**Answer: Lacks knowledge or information sufficient to admit or deny.**

46.     In addition, GBX has suffered and continues to suffer reputational harm because Notice 2017-10 improperly declares the investment opportunities it offers and the real estate development projects it undertakes to be tax avoidance transactions.

**Answer: Denies to the extent that this paragraph alleges that GBX has not engaged in tax**

avoidance transactions. Lacks knowledge or information sufficient to admit or deny the remaining allegations.

## <u>CAUSE OF ACTION</u>

### Violation of the APA's Notice-and-Comment Rulemaking Requirement
### (5 U.S.C. § 553)

47.     Plaintiff repeats and realleges paragraphs 1-46 of this complaint.

**Answer: The United States repeats and realleges its responses to all prior paragraphs.**

48.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

**Answer: Admits that the statute contains the quoted language.**

49.     The APA also authorizes this Court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

**Answer: Admits that the statute contains the quoted language.**

50.     "Agency action" includes the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13).

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

51.     The IRS and Treasury are each an "agency" within the definition of the APA. 5 U.S.C. § 551(1).

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

52.     Pursuant to the APA, certain "rules" promulgated by an agency must be published

12

in accordance with notice-and-comment procedures.  5 U.S.C. § 553.

**Answer: This paragraph purports to summarize, characterize or paraphrase the sources cited or referenced herein. No response should be required.**

53.     "Rule" is defined as, "the whole or a part of an agency statement of general or particular applicability and future effect designated to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4).

**Answer: Admits that the statute contains the quoted language.**

54.     Notice 2017-10 is a "rule" within the definition of the APA. 5 U.S.C. § 551(4).

**Answer: Admits, for purposes of this action only, that Notice 2017-10 is a rule subject to notice-and-comment procedures based on controlling Sixth Circuit precedent in *Mann Construction*. The United States is not bound by this admission outside the Sixth Circuit and may argue in other jurisdictions that Notice 2017-10 is excepted from the APA's notice-and-comment procedures.**

55.     Because Notice 2017-10 is a "rule" under the APA, the IRS was required to issue a notice of proposed rulemaking in advance of its effective date, to allow interested persons an opportunity to make written submissions and comments, to consider those submissions and comments in the final rule, and to include in the final rule a "concise general statement of [its] basis and purpose." 5 U.S.C. § 553.

**Answer: Admits, for purposes of this action only, based on controlling Sixth Circuit precedent in *Mann Construction*.  The United States reserves the right to argue in cases outside of the Sixth Circuit that Notice 2017-10 is excepted from the APA's notice-and-comment procedures.**

56.     The IRS did not comply with the notice-and-comment procedures when it issued

Notice 2017-10.

**Answer: Admits.**

57.     Notice 2017-10 constitutes a "substantive" or "legislative-type" rule subject to the APA's notice-and-comment procedures as a matter of law.  *See* 5 U.S.C. § 553.

**Answer: Admits, for purposes of this action only, based on controlling Sixth Circuit precedent in *Mann Construction*. The United States reserves the right to argue to the contrary in other jurisdictions.**

58.     Notice 2017-10 has the force and effect of law.

**Answer: Admits, for purposes of this action only, based on controlling Sixth Circuit precedent in *Mann Construction*. The United States reserves the right to argue to the contrary in cases outside the Sixth Circuit.**

59.     Notice 2017-10 creates new substantive duties, the violations of which prompt exposure to financial penalties and criminal sanctions.

**Answer: Admits, for purposes of this action only, based on controlling Sixth Circuit precedent in *Mann Construction*. The United States reserves the right to argue to the contrary in cases outside the Sixth Circuit.**

60.     Notice 2017-10 is not an "interpretive rule" under 5 U.S.C. § 553(b)(3)(A).

**Answer: Admits, for purposes of this action only, based on controlling Sixth Circuit precedent in *Mann Construction*. The United States reserves the right to argue to the contrary in cases outside the Sixth Circuit.**

61.     Notice 2017-10 omits any finding of good cause "that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest" or "brief statement of the reasons therefor." 5 U.S.C. § 553(b)(3)(B).

**Answer: Admits.**

62.     Congress did not expressly exempt the IRS from notice-and-comment procedures required by the APA.

**Answer: Admits, for purposes of this action only, and limited only to Notice 2017-10, based on controlling Sixth Circuit precedent in *Mann Construction*. The United States reserves the right to argue to the contrary in cases outside the Sixth Circuit.**

63.     Notice 2017-10 is unlawful because the IRS and Treasury failed to comply with the notice-and-comment procedures and there is no applicable exception to those requirements.

**Answer: Admits, for purposes of this action only, based on controlling Sixth Circuit precedent in *Mann Construction*. The United States reserves the right to argue to the contrary in cases outside the Sixth Circuit.**

64.     Compliance with Notice 2017-10 has and will continue to injure Plaintiff, subjecting it to onerous reporting and recordkeeping requirements as well as reputational harm.

**Answer: Lacks knowledge or information sufficient to admit or deny.**

WHEREFORE, the United States requests that the Court enter a final judgment that IRS

Notice 2017-10 is declared unlawful as to plaintiff GBX only, and setting IRS Notice 2017-10

aside as to plaintiff GBX only, with the understandings that (1) this relief does not apply to any

parties not presently before the Court, and (2) the United States retains the right to argue that this

is not the correct result in cases outside the Sixth Circuit. Before the Court enters a judgment

providing for any relief that exceeds, in nature or in scope, the relief that is described in the

preceding sentence, the United States requests leave to file a brief explaining its position that the

nature and scope of relief available in this action should be so limited.

<div style="margin-left:50%">

Respectfully Submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice,
Tax Division

/s/ Edward J. Murphy
EDWARD J. MURPHY
RYAN D. GALISEWSKI
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
Tel: (202) 307-6064 / (202) 305-3719
Fax: (202) 514-5238
Edward.J.Murphy@usdoj.gov
Ryan.D.Galisewski@usdoj.gov

</div>

<u>Certificate of Service</u>

I certify that on May 20, 2022, I electronically filed the foregoing ANSWER and thereby served all counsel of record.

<div style="margin-left: 50%;">
/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
</div>