FILED
2023 Mar-09 PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 3

Case 4:23-cv-00287-RDP   Document 1-3   Filed 03/09/23   Page 2 of 14
Case 2:21-cv-01320-ACA   Document 13   Filed 01/20/22   Page 1 of 13

FILED
2022 Jan-20 PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREEN ROCK, LLC,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE;
U.S. DEPARTMENT OF TREASURY;
and UNITED STATES OF AMERICA,

    Defendants.
_____/

Case No 2:21-cv-01320-ACA

## DEFENDANTS' ANSWER

Defendant United States of America, on behalf of its agencies the Internal Revenue Service and the U.S. Department of Treasury, responds to the Complaint filed by Plaintiff Green Rock, LLC as follows:

### FIRST DEFENSE

The Plaintiff may lack standing to bring this suit because the facts pleaded in the Complaint do not show whether Plaintiff is (1) a participant in the listed transactions, and, as such, has disclosure obligations under Treas. Reg. § 1.6011-4(a), or (2) a "material advisor" and, as such, has disclosure and list maintenance obligations under Treas. Reg. §§ 301.6111-3(a) and 301.6112-1(a).

1

## SECOND DEFENSE

The Anti-Injunction Act may bar this Court's subject matter jurisdiction to adjudicate this action in whole or in part because the relief requested in the Complaint – setting aside IRS Notice 2017-10 – would restrain the United States' ability to assess and collect taxes against Plaintiff. *See* 26 U.S.C. § 7421(a).

## THIRD DEFENSE

In response to the specifically numbered paragraphs of the Complaint, the Defendants answer as follows:

1. Admit.

2. Admit that Congress added section 170(h) to the Internal Revenue Code, 26 U.S.C. § 170(h), in 1980 to authorize deductions for the value of qualified conservation contributions, and has amended that provision several times, including with the Pension Protection Act of 2006. Pub. L. No. 109-280, §1219, 120 Stat. 780, 1083 (2006). Lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

3. Admit.

4. Admit that the IRS has taken measures to curb abuses of conservation easement deductions. Deny all remaining allegations in the first sentence of Paragraph 4. Lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4.

5.  Admit that the IRS issued Notice 2017-10 on December 23, 2016 without prior public notice and comment, but deny any implication that the IRS was required to provide notice to the public and accept comments prior to issuing Notice 2017-10. Deny all remaining allegations in Paragraph 5.

6.  Admit that Notice 2017-10 identifies certain syndicated conservation easement transactions as listed transactions. Deny any remaining allegations in Paragraph 6.

7.  Admit that Paragraph 7 generally describes some provisions of Notice 2017-10, but deny that Paragraph 7 provides a complete and comprehensive explanation of the Notice.

8.  Admit that Notice 2017-10 identifies abusive syndicated conservation easement transactions as "listed transactions" subject to reporting and recordkeeping requirements for participants and material advisors. Deny all remaining allegations in Paragraph 8.

9.  Admit.

10. Deny the allegation in Paragraph 10 that the requirements of Notice 2017-10 undermine Congress's desire to promote land conservation and the many benefits that arise when wild and undeveloped spaces are preserved. Lack knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 10.

11. Admit that the Supreme Court held that the Anti-Injunction Act (AIA) did not bar a suit brought by a material advisor challenging the reporting requirements associated with IRS Notice 2016-66 in *CIC Services, LLC v. IRS*, 141 S. Ct. 1582 (2021). Deny all remaining allegations in Paragraph 11.

12. Deny.

13. Admit that Notice 2017-10 was not issued following notice-and-comment procedures. Deny all remaining allegations in Paragraph 13.

14. Deny.

15. Deny that Plaintiff is entitled to the requested relief.

16. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. Admit.

18. Admit that 28 U.S.C. §1331 generally creates federal jurisdiction over cases that arise under the laws of the United States and 5 U.S.C. § 702 generally authorizes judicial review of certain agency actions, but aver that the Anti-Injunction Act may bar subject matter jurisdiction in this case.

19. Admit.

20. Admit that the allegations in Paragraph 20 generally describe conservation easements, but deny that Paragraph 20 provides a complete and comprehensive explanation of conservation easements.

21. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Admit that in 1980, Congress added section 170(h) to the Internal Revenue Code, allowing landowners to claim a tax deduction for the donation of a qualified conservation contribution. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Admit.

25. Admit that the allegations in Paragraph 25 generally describe some of the provisions passed by Congress in the Pension Protection Act of 2006, Pub. L. No. 109-280, § 1206, 120 Stat. 780; but deny that Paragraph 25 provides a complete and comprehensive explanation of that legislation as it relates to qualified conservation contributions.

26. Admit.

27. Admit that the Department of the Treasury's "General Explanations of the Administrations Revenue Proposals for Fiscal Year" contained proposals to enhance and modify the conservation easement deduction, including a requirement for additional reporting of information about contributed conservation easements and their fair market values. *See* U.S. Dept. of Treasury, *General Explanations of*

*the Administration's Fiscal Year 2016 Revenue Proposals* (February 2015), https://home.treasury.gov/system/files/131/General-Explanations-FY2016.pdf Lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27.

28. Lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28.

29. Admit, but deny any implication that the IRS was required to provide notice to the public and accept comments prior to issuing Notice 2017-10.

30. Admit.

31. Admit, but aver that the "same as, or substantially similar" language comes from 26 U.S.C. § 6707A(c)(2).

32. Admit.

33. Admit that the Notice identifies transactions "entered into on or after January 1, 2010," which is seven years prior to the issuance of Notice 2017-10. Deny any remaining allegations in Paragraph 33.

34. Admit that the reporting and recordkeeping requirements apply to participants in a transaction as well as material advisors, including appraisers. Deny all remaining allegations in Paragraph 34.

35. Admit that participants in syndicated conservation easement transactions described in Notice 2017-10 must file IRS Form 8886, *Reportable*

6

*Transaction Disclosure Statement*, for each reportable transaction in which they participate; that the estimated burden of completing the form listed in the instructions is 21 hours and 31 minutes; that a participant must file a copy of each Form 8886 with the IRS Office of Tax Shelter Analysis the first time they disclose the transaction; and that these reporting requirements apply to each separate syndicated conservation easement transaction that a taxpayer participated in that was entered into on or after January 1, 2010. Deny the remaining allegations in Paragraph 35.

36. Admit that material advisors must file IRS Form 8918, *Material Advisor Disclosure Statement*, for which the IRS estimates the time for completion is 14 hours and 31 minutes. A material advisor generally only files one Form 8918 disclosing a particular listed transaction and substantially similar transactions. *See* 26 C.F.R. § 301.6111-3(d)(1). Lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36.

37. Admit that Notice 2017-10 requires material advisors to maintain, and make available to the IRS, investor lists. Deny all other allegations in Paragraph 37.

38. Object that any burdens imposed by state taxing authorities are not relevant to this suit. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39. Admit that participants of syndicated conservation easements who fail to comply with statutory reporting requirements may be subject to a maximum penalty of $100,000 to $200,000, depending on whether they are natural persons, pursuant to 26 U.S.C. §6707A(b)(2)(A), and that the IRS may not rescind these penalties under the statute. Deny all other allegations in Paragraph 39.

40. Admit that a material advisor who fails to comply with statutory reporting requirements may be subject to penalties as described in 26 U.S.C. § 6707(b)(2).

41. Admit that the willful failure to file a return or keep records as required by law may create criminal liability under 26 U.S.C. § 7203.

42. Admit that 26 U.S.C. § 6501 sets the statute of limitations for assessment to expire no sooner than one year after certain information regarding a listed transaction is filed with the Secretary of the Treasury.

43. Deny.

44. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47. Admit that the Commissioner has stated that stopping abusive syndicated conservation easement transactions is a high priority for the IRS, and syndicated conservation easements are listed on the agency's "dirty dozen" of tax scams. Deny all other allegations in Paragraph 47.

48. Admit that the Anti-Injunction Act bars suits brought for the purpose of "restraining the assessment or collection of any tax," 26 U.S.C. § 7421(a), and that several courts, including the D.C. Circuit Court of Appeals in *Fla. Bankers Ass'n v. U.S. Dep't of the Treasury*, 799 F.3d 1065 (D.C. Cir. 2015), have held that the AIA bars pre-enforcement challenges to IRS regulations backed by penalties imposed under subchapter 68B of the Internal Revenue Code. Deny all allegations remaining in Paragraph 48.

49. Deny.

50. Deny.

51. Deny, and aver that the AIA may bar the Court's jurisdiction to adjudicate this suit in whole or part.

52. Defendants repeat and reallege responses in Paragraphs 20-51 of this Answer.

53. Deny that the APA requires that all rules promulgated by an agency must be published in accordance with notice-and-comment procedures. Admit the remaining allegations in Paragraph 53.

9

54. Admit.

55. Admit, but deny that Notice 2017-10 was a rule required to be issued under notice-and-comment procedures.

56. Deny.

57. Deny.

58. Admit that the IRS did not use notice-and-comment rulemaking procedures in issuing Notice 2017-10, and aver that Notice 2017-10 was not required to be issued under notice-and-comment procedures.

59. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. Lack knowledge or information sufficient to form a belief about whether Plaintiffs or others would have submitted comments about Notice 2017-10. Deny any remaining allegations in Paragraph 60.

61. Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62. Defendants repeat and reallege responses in Paragraphs 20-51 of this Answer.

63. Admit.

64. Admit that Notice 2017-10 is a final agency action potentially subject to judicial review under 5 U.S.C. § 704, but deny that it should be set aside under 5 U.S.C. § 706(2)(A).

65. Deny.

66. Deny.

67. Admit that the IRS has not issued additional guidance or instruction since Notice 2017-10 "to inform investors and material advisors to transactions involving conservation easements" other than extending the due date in Notice 2017-29 and Notice 2017-58, but deny that any such guidance was required. Deny all remaining allegations in Paragraph 67.

68. Admit that the quote from Notice 2017-10 is accurate, that it describes a particular type of transaction, and that the Notice applies to "substantially similar" transactions. Deny all remaining allegations in Paragraph 68.

69. Deny.

70. Deny.

71. Admit that Notice 2017-10 applies to transactions "entered into on or after January 1, 2010." Deny all remaining allegations in Paragraph 71.

72. Deny.

73. Deny.

74.  Lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

**WHEREFORE** Defendants respectfully request that the Plaintiffs receive no relief and that the Defendants' costs of defending this action be granted to them.

Dated: January 20, 2022

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Daniel B. Causey, IV*
DANIEL B. CAUSEY, IV
LAURA M. CONNER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-1427 (v)
202-514-4963 (f)
Daniel.B.Causey@usdoj.gov
Laura.M.Conner@usdoj.gov

OF COUNSEL:

PRIM F. ESCALONA
United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, I served this document on plaintiff's counsel by electronically filing it with the Clerk of Court using the CM/ECF system.

/s/ *Daniel B. Causey, IV*
DANIEL B. CAUSEY, IV
Trial Attorney
DOJ Tax Division