## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **AGRO HOLDINGS LLC, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  4:23-cv-00287-RDP** |
| | } | |
| **UNITED STATES OF AMERICA, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## INITIAL ORDER

Unless expressly directed otherwise, the parties **SHALL** comply with all provisions of this Initial Order in the litigation of this action.

1.    **Compliance with Rule 26**. **Within thirty (30) days of entry of this order**, the parties must confer pursuant to Federal Rule of Civil Procedure 26(f).[1]  During their Rule 26(f) conference, the parties **SHALL** discuss all appropriate matters necessary to submit a Rule 26 Report to the court, including the following topics:

- the nature of the claims and defenses;

- the possibility (and likelihood) of a prompt settlement or resolution of the case through formal mediation or informal settlement negotiations;

- arrangements for initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1);

- preservation of discoverable information and the steps necessary to do so;

---

[1] Federal Rule of Civil Procedure 26(f)(2) provides: "[T]he court may order the parties or attorneys to attend the conference in person." Fed. R. Civ. P. 26(f)(2).  The court requires the parties to meet in person, absent exceptional circumstances.  Counsel for the parties may confer over the telephone if they obtain permission from the court to do so.  In the court's experience, in-person meetings facilitate a good working relationship between/among counsel and offer a variety of other benefits.

- a proposed discovery plan that briefly describes the parties' respective positions and provides proposed deadlines for the matters addressed in sub-paragraphs (A) through (F) of Rule 26(f)(3);

- execution of authorization(s) for disclosure of "protected health information" in any case in which the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated under the Act, apply;[2] and

- any other appropriate issues or items that will advance this litigation. *See* Fed. R. Civ. P. 1.

2. **Time and Place of Parties' Planning Meeting**. If the parties are unable to agree upon a date, time, or place for their Rule 26(f) conference, on or before the deadline to conduct the Rule 26(f) conference, the parties **SHALL** email chambers at proctor_chambers@alnd.uscourts.gov, and the court will set a date, time, and place for the Rule 26(f) conference.

3. **Parties' Planning Report. Within fourteen (14) days of the Rule 26(f) meeting, the parties must file a joint report of their planning meeting**. The report should include the following: a brief description of the nature of the case; a synopsis of the case and the claims and defenses of the parties; an indication of the parties' assessment of the complexity of the case; a list of proposed deadlines for discovery and dispositive motions; proposed limits on the number of discovery requests and a statement of the reasons why the parties believe the proposed limits are proportional to the needs of the case (*see* Fed. R. Civ. P. 26(b)(1)-(2)); a statement regarding the parties' initial interest in Alternative Dispute Resolution (*see* Section V.B. *infra*); and the other

---

[2] If the parties require a HIPAA protective order, they may find a draft order at the court's website. The parties should tailor a draft order to their case and email the draft order to the chambers email address (*see* above) for the court's consideration.

items listed above.  Should the parties disagree about an item, the positions of the parties as to that item should be clearly set forth in separate paragraphs.

4.      **Rule 16(b) Scheduling Conference**.  Upon receipt of the report, the court will schedule a Rule 16(b) scheduling conference, and enter a scheduling order after the conference.  If for some reason the court does not set a Rule 16(b) scheduling conference, the court will enter a scheduling order as soon as possible after reviewing the parties' report.

5.      **Discovery Commencement**. The parties may commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 immediately after they file a Rule 26(f) report.  In cases removed from state court in which discovery requests were served before removal, those discovery requests **SHALL** be deemed to have been served on the date the parties file their Rule 26 report.

6.      **Discovery Disputes**. If the parties are unable to resolve issues relating to discovery, rather than filing a motion to compel (or other discovery motion), the parties **SHALL** request a conference with the court by either calling chambers or emailing chambers at proctor_chambers@alnd.uscourts.gov.  These conferences may be held by telephone unless the parties request a hearing or in-person conference with the court or the court deems an in-person conference appropriate.

7.      **CM/ECF Record**. The official record of this case is maintained electronically via CM/ECF.  Except in extraordinary circumstances, all filings **SHALL** be consistent with the Court's Administrative Procedures Manual.  Attorneys must register for electronic filing and service through the "Attorney Registration" link on the court's website, www.alnd.uscourts.gov.[3]

**Documents filed through CM/ECF must be in .pdf (Portable Document Format).**  Should

---

[3] After an attorney has registered, that registration becomes permanent; an attorney is not required to re-register in each individual case.

counsel have trouble filing a document, counsel may call the Clerk's Office at (205) 278-1700 and select option 3, the Help Desk, for assistance.

**8.** **Protected Information**. Counsel are **REMINDED** to comply with the Court's Administrative Procedures Manual for electronic filing (on the court's website) and Rule 5.2 with respect to redacting or sealing personal identifiers (*e.g.*, Social Security numbers, driver's license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

**9.** **Protective Orders.** If parties anticipate that confidential information will be exchanged during the course of litigation, the parties may invoke the court's standard Protective Order, which is attached to this order as **Appendix III**. The parties may either (1) request entry of the Protective Order in their Rule 26(f) planning meeting report or (2) file a motion with the court. The parties are free to discuss and enter into additional or different stipulations regarding their treatment of Confidential Information. However, the restrictions imposed by the court's standard Protective Order may only be modified or terminated by order of the court, with good cause shown.

**10.** **Required Electronic Submissions to Chambers**. **Counsel must e-mail to chambers copies of (1) all filed motions that exceed ten (10) pages, (2) copies of all filed briefs, and (3) copies of all proposed orders. The court prefers motions, briefs, and proposed orders in Word format, but the court will accept WordPerfect format if an attorney cannot reasonably and practically create the document in Word.** The address for the undersigned judge's chambers is proctor_chambers@alnd.uscourts.gov. **Ex parte communications with the judge are never allowed.** All communications to the chambers' email address must show a copy to all opposing counsel.

11.     **Attachments to Documents Filed Through CM/ECF**. All attachments to documents filed through CM/ECF **SHALL** bear the unique name of that attachment, not solely the corresponding exhibit letter or number.  For example, an affidavit attached to a filed document should bear a name such as "Exhibit 1 – Affidavit of Fnu Lnu," not simply "Exhibit 1."  Ordinarily, each attachment **SHALL** contain only one (1) individual unique document.[4]

12.     **Formatting**. In creating documents for submission to the court, the parties **SHALL** use Times New Roman Font and 12-point type (except footnotes may be in 10-point type). Documents **SHALL** be double-spaced; footnotes and indented quotations that exceed three lines **SHALL** be single-spaced.

13.     **Citations to the Record**. Citations to the record in this case **SHALL** refer to the document number, page number, and paragraph or line number (where available).  If the parties are unable to cite to a specific paragraph or line number, they **SHALL** cite the document number and page number.  For example, if a party makes citation to the first paragraph of the complaint, the citation following that discussion **SHALL** appear as follows:  (Doc. 1, ¶ 1).  If a paragraph or line number is not available, the citation would appear as follows: (Doc. 1, p. __).

14.     **Oral Argument**. Requests for oral argument **SHALL** appear on the first page of a motion or brief directly below the case number in the caption of the pleading.

15.     **Briefing**. Briefs accompanying motions and briefs in opposition to motions should not exceed twenty-five (25) pages unless advance permission is obtained from the court to exceed that limit. Reply briefs should not exceed fifteen (15) pages, absent advance permission from the court.

---

[4] The court understands that one large document may span a number of attachments due to CM/ECF restrictions.

16. **Compliance with HIPAA**. In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when "protected health information" is relevant to the claims or defenses presented in an action, the party seeking such "protected health information" **SHALL** present a valid authorization at the Rule 26 planning meeting to be executed by the party from whom such "protected health information" is sought. The parties **SHALL** include in their report a deadline (specific date) by which the authorization will be executed. The parties may move the court to enter a "qualified protective order." An order in substantially the form attached to this order as **Appendix I** will be entered unless all parties stipulate to a different version. In that case, contemporaneously with the motion, counsel should e-mail to proctor_chambers@alnd.uscourts.gov, the proposed "qualified protective order" to be entered by stipulation of counsel for all parties.

17. **Suitability of Action for Alternative Dispute Resolution**. All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees. The court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at an early date. The parties **SHALL** also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.

18. **Court Settlement Conferences**. If any party thinks that a settlement conference with the court at any stage would be conducive to settlement, that party may make a written request that the court conduct such a conference. The results of all the discussions held pursuant to paragraph 16 and this paragraph **SHALL** be included in the report of the parties' planning meeting to be filed with the court.

19. **Notice to Client/Parties**. Each attorney **SHALL** immediately forward a copy of the Initial Order to his or her client. Plaintiff(s)' attorney(s) are **ORDERED** to immediately discuss the feasibility of settlement with Defendant(s)' attorney(s).

20. **Dismissal of Non-Served Defendants**. *Take Notice*: Any defendant who has not been served with a summons and complaint within ninety (90) days after the filing of the complaint (or within sixty (60) days after the party was added to the action) *may be dismissed without further order of the court unless* prior to such time the party on whose behalf such service is required shows good cause why service has not been perfected.

21. **Hand Deliveries**. If counsel wishes to provide the court with a courtesy copy of a motion or brief,[5] or if an order of this court requires submission of a copy in addition to the original, such copy **SHALL** be clearly identified as a "courtesy copy" and left in the Clerk's Office for delivery to the court's chambers. All hand deliveries, unless otherwise instructed, are to be made to the Clerk's Office. Fax copies are not accepted and will be deemed undelivered.

22. **Attorney Fee Shifting Cases**. If a party anticipates that during or upon the completion of this action it may for any reason (other than as a sanction under the Federal Rules of Civil Procedure) seek an award of attorneys' fees from the opposing party pursuant to any statute or other law, the party **SHALL** comply with the following requirements as a precondition to any such award:

> (a)    Counsel **SHALL** maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (*e.g.*, not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference).

---

[5] Voluminous courtesy copies should be presented in a three-ring binder.

(b)     If a claim will be made for services performed by any person not a member of the bar, a separate time record **SHALL** be maintained for each such individual in accordance with (a) above.

(c)     Counsel is **DIRECTED** to review and verify all attorney and non-attorney time records no less than once per month.

(d)     Although the court does not require counsel to file a copy of the time records prior to a request for a fee, counsel may file with the Clerk of the Court either a copy of the time record referred to in (a) above, or a separately prepared document setting forth the information described in (a) above.  If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case.  If counsel elects to file time reports, the material filed may be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon. However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal.  Upon the conclusion of this case, without further order the seal will be lifted as to all attorney fee materials filed under seal.

(e)     A Petition for Attorney Fees **SHALL** be accompanied by Counsel's Certification that all time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

*Take Notice***:  Failure to comply with the foregoing requirements will normally result in attorneys' fees being disallowed.**

23.   **Cases That Require EEOC Charges**. If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission or similar agency is required as a prerequisite to suit, unless previously attached to the complaint or other pleading, **PLAINTIFF(S) SHALL** file with the Clerk of Court at the time of filing the disclosures required by Rule 26(a)(1):  (**A**) a copy of all charges of discrimination filed with the EEOC and which form

the bases of the action; *and* (**B**) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

24.     **Motion Practice**. The parties **SHALL** follow the following procedures related to motion practice before this court.

A.     **Summary Judgment Motions**.  Any motion(s) for summary judgment filed in this action **SHALL** *comply* with *all* requirements of **Appendix II** to this order.[6]

B.     **Motions (Other than Dispositive Motions and Motions to Remand)**.  Prior to filing any motion (other than a dispositive motion or a motion to remand) in this case, moving counsel **SHALL** contact the opposing counsel and determine if counsel will oppose the motion. All motions **SHALL** include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed."  The first paragraph **SHALL** briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement.  Failure of the parties to abide by these requirements can result in a *sua sponte* denial of the motions for failure to comply.  All non-summary judgment motions (except motions to withdraw, motions for *pro hac vice* admission, or joint motions) **SHALL** comply with Exhibit B to this Order.

C.     **Motion of Counsel to Withdraw**.  Once an attorney has appeared as counsel for a party, that attorney *may not withdraw from the action merely by filing a* "notice of withdrawal," but must file a motion seeking permission of the court to do so, explicitly stating the grounds therefor.  Any motion to withdraw which, if granted, would leave a party unrepresented by counsel **SHALL** include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court.  The

---

[6] The parties should take note that the court's requirements for briefing dispositive motions have changed. *See* Requirements for Evidentiary Materials, ¶ 1, pg. 5.

motion **SHALL** also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

DONE and **ORDERED** this July 26, 2023.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

# APPENDIX I

| | | |
|---|---|---|
| Plaintiff(s)., | } | |
| | } | |
| Choose an item., | } | |
| | } | |
| **v.** | } | **Case No.:** Case Number. |
| | } | |
| Defendant(s)., | } | |
| | } | |
| Choose an item.. | } | |

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are **EXPRESSLY PROHIBITED** from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are **ORDERED** to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. *See* 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

    **DONE** and **ORDERED** this _____ day of _____, 20\_\_\_\_\_.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

# APPENDIX II[1]

## SUMMARY JUDGMENT REQUIREMENTS

---

**NOTICE**

This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. **These instructions *must* be followed explicitly**. **Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken**.

---

## SUBMISSION DATES

The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline. The responsive submission of the party opposing the motion for summary judgment shall be filed no later than twenty-one (21) days after the motion for summary judgment is filed. The movant's reply submission shall be filed no later than fourteen (14) days after the date on which the opponent's responsive submission is filed.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## SUBMISSIONS

The parties' submissions in support of and in opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these submissions are explained in the following sections.

---

[1] The parties should take note that the court's requirements for briefing dispositive motions have changed. *See* Requirements for Evidentiary Materials, ¶ 1, pg. 5.

# REQUIREMENTS FOR BRIEFS

## A.      Format

Initial and response briefs are limited to thirty (30) pages. Reply briefs are limited to ten (10) pages. Briefs that exceed twenty (20) pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double spaced (except for quotations exceeding fifty (50) words, which may be block indented from the left and right margins and single spaced) using 12-point typeface, preferably Times New Roman.

## B.      Number Submitted

The parties must **electronically file** their brief through the court's CM/ECF system. The parties shall also email to the court's chambers such brief in either Word or WordPerfect format. For any brief over ten (10) pages, the parties must simultaneously **submit** to the Clerk's Office, for delivery to the court's chambers by the Clerk, an exact copy of the brief, clearly identified as a "courtesy copy."

## C.      Binding

The court's "courtesy copy" of the brief *must be securely bound* (*e.g.* by three-ring binder or large clip) for ease of use, *and*, to prevent inadvertent loss of pages. In addition, all pages submitted in the court's "courtesy copy" shall be three-hole punched. Do not submit a reply in a separate binder if the initial brief was in a binder.

## D.      Manner of Stating Facts

All briefs submitted either in support of or in opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in *separately numbered*

*paragraphs*. Counsel must state facts in clear, unambiguous, simple, declarative sentences. All statements of fact must be supported by specific reference to evidentiary submissions.

### 1.    Moving Party's Initial Statement of Facts

The moving party shall list in *separately numbered paragraphs* each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each such statement must be followed by a specific reference to those portions of the evidentiary record that the movant claims support it.[2]

### 2.    Opposing Party's Statement of Facts

Each party opposing a summary judgment motion also must submit a statement of facts divided as follows.

#### a.    Response to Movant's Statement

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

---

[2] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

### b. Additional Undisputed Facts

The second section may contain additional, allegedly undisputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The second section of the opposing party's statement of facts, if any, shall be clearly designated as such.[3] The opposing party should include only facts which the opposing party contends are true and not in genuine dispute.

### c. Additional Disputed Facts

The third section may contain additional, allegedly disputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The third section of the opposing party's statement of facts, if any, shall be clearly designated as such. Each statement of allegedly disputed facts must be followed by specific reference to those portions of the evidentiary record which both support and contradict the alleged fact.[4]

### 3. Moving Party's Reply

The reply submission, if any, shall consist of only the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. The moving party's response to the non-moving party's additional claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the non-moving party's additional claimed undisputed

---

[3] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

[4] The court recognizes that, in some circumstances, a party opposing a motion for summary judgment may want to set out facts which that party claims are true and supported by evidence, but cannot, in good conscience and consistent with Rule 11, say are undisputed. In such case, the party should include a separate section of fact statements, set out in short declarative sentences and individually numbered paragraphs, which are supported by some evidence but, nevertheless, are in dispute. When doing so, however, the party should include record citations which both support and contradict the alleged fact.

facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based. *All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.*

**The court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**

### REQUIREMENTS FOR EVIDENTIARY MATERIALS

To facilitate the court's requirement that the parties cite to the CM/ECF document and page numbers, the parties must electronically file all evidentiary materials (*e.g.*, affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions **before** they file their briefs in support of or in opposition to summary judgment. The parties may file their briefs, with citations to the CM/ECF document and page numbers, **one business day** after making their evidentiary submissions.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the court will consider such materials. A specific reference must include the exhibit number, page, and when appropriate the line number.

**A.    Organization**

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included: *e.g*., "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e*., "Exhibit A" or "Exhibit 1"); and,

if the exhibit contains more than one page, each page must be separately numbered.[5] **Counsel are directed to submit entire depositions, even if relying only on excerpts.**

When submitting a deposition, the parties **SHALL** include the travel transcript (or miniscript) which include four (4) pages of deposition text per 8 ½" by 11" page, and the parties must also include the word index.

**B.     Number of Sets Submitted**

The parties must **electronically file** one set of evidentiary materials through the court's CM/ECF system.  The parties must simultaneously **submit** to the Clerk of Court, for delivery to the court's chambers by the Clerk, an exact copy of the set of evidentiary materials, clearly identified as a "courtesy copy."  There must be *no differences* between the electronically filed materials and the "courtesy copy."

**C.     Binding of Courtesy Copy**

The courtesy copy of the evidentiary submission *must be securely bound* -- in separately numbered volumes, if necessary -- for ease of use and to prevent inadvertent loss of pages.

---

[5] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41."  The court does not, however, require any specific form as long as specific page references are used.

# APPENDIX III

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
Choose an item. **DIVISION**

|  |  |  |
|---|---|---|
| Plaintiff(s)., | **}** | |
| | **}** | |
| Choose an item., | **}** | |
| | **}** | |
| **v.** | **}** | **Case No.:** Case Number. |
| | **}** | |
| Defendant(s)., | **}** | |
| | **}** | |
| Choose an item.**.** | **}** | |

## PROTECTIVE ORDER

The parties recognize that various information and documents will be exchanged during the course of this litigation that may contain sensitive business, personal, proprietary, or otherwise confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Accordingly, with the consent of the parties, the court **ORDERS** as follows:

1.      Within this Protective Order, "Confidential Information" means any documents or information, in whatever form, which the producing party or a non-party reasonably believes (1) not to be in the public domain and (2) to contain any confidential, proprietary, strategic, research, development, commercial, or private information.

2.      When a party believes that Confidential Information may be produced or presented by any party or non-party in this case, that party may designate such material as, "CONFIDENTIAL," at the time of production or presentation. All materials designated as Confidential Information will contain a written "CONFIDENTIAL" designation on the document.

3.      Any non-party that is producing documents, information, or other material that it considers to be Confidential Information, may designate such documents, information, or other

material as "CONFIDENTIAL." Thereafter, the provisions of this Protective Order shall apply to the protected material.

4.     For "Confidential Information" used during deposition, any party shall have 30 days from its receipt of the completed transcript to provide written notice to the parties of the specific pages and lines of the transcript or exhibits which contain the Confidential Information. Until expiration of the 30-day period, all parties shall treat the entire transcript, including exhibits, as Confidential Information subject to the protections of this Order. If no party timely designates the transcript or a portion of the transcript as Confidential Information, then the transcript will not be treated as such.

5.     Confidential Information shall not be used or disclosed by any party or non-party bound by the terms of this Protective Order, or their respective representatives and agents, including their attorneys, for any purpose whatsoever other than in the prosecution or defense of this case (including appeals, if any).

6.     Confidential Information shall be disclosed only to the following:

a.     The parties' (or bound non-parties') counsel and their partners, associates and employees to whom disclosure is reasonably deemed necessary to render professional services in this matter.

b.     A party who is bound by the terms of this Protective Order, including officers, directors, members and/or employees, but only to the extent considered reasonably necessary to render professional services in this matter.

c.     An expert or consultant who is retained by a party (or bound non-party) or its counsel in order to assist in the conduct of this litigation.

d.     A witness or prospective witness in this litigation, but only to the extent reasonably necessary in preparing to testify.

e.     Court reporters while in the performance of their official duties.

f.     The judge or any other tribunal to which any appeal of the litigation is taken, including the respective staffs of the judge or such other tribunal.

g.     Copying services, translators, and litigation support firms providing consultation, graphics and jury research (including focus group participants).

h.     Other persons to whom the designating party chooses to disclose the Confidential Information.

7.     All documents, briefs, and other papers containing, referring to or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the court shall not be disclosed by any party except as provided in this Order.  Any party seeking to seal any such materials shall request leave of the court, in advance, to file the materials under seal.

8.     In the event that any Confidential Information is, consistent with the terms of this Protective Order, used or disclosed in any hearing or trial, such information shall not lose its Confidential status by reason of such use or disclosure. Counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

9.     Any party (or bound non-party) challenging a Confidential designation shall meet and confer with the other party in an attempt to resolve the dispute.  If the parties are unable to resolve the dispute, the challenging party may file a motion asking the court to resolve the dispute. Pending resolution by the court, the Confidential designation will remain in full force and effect.

10.     If a producing party or non-party inadvertently fails to designate qualified information or documents as Confidential, such failure, standing alone, shall not waive the producing party's right to secure protection under this Order.  That party may subsequently designate qualified information or documents as Confidential by notifying all persons and parties to whom the materials were produced as soon as practicable. After receipt of such notification, the persons who received the production shall then treat the designated materials as Confidential.

11.     In accordance with Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of any document or item shall not constitute a waiver of any applicable privilege, for purposes of this litigation or any future litigation.  If a party inadvertently produces information which it asserts is protected by the attorney-client privilege or work product doctrine, without intending to waive a claim of privilege, it shall promptly notify the receiving party of its claim of privilege.  After being so notified, the receiving party shall promptly return or destroy the specified information and any copies.

12.     Nothing in this Order shall be construed as a waiver by the parties of their rights to object to any request for discovery.  This Protective Order shall not be construed as an agreement by the parties to produce any documents or information. Nothing in this Order shall be construed as preventing a party from challenging a confidential designation under applicable law.

13.     The parties are free to enter into further stipulations regarding their treatment of Confidential Information. However, the restrictions imposed by this Protective Order may only be modified or terminated by order of the court. This Order shall survive the termination of this action.

**DONE** and **ORDERED** this _____ day of _____, 20\_\_\_\_\_.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

# EXHIBIT B[1]

## Non-Summary Judgment Motion Scheduling Order[2]

The court recognizes that a number of motions filed with the court do not require additional briefing before the court takes them under consideration. However, to the extent the parties determine that briefing is necessary on a non-summary judgment motion, or to the extent the court orders briefing on a non-summary judgment motion, the following schedule and requirements for the submission of briefs are established. Except for good cause shown, briefs that do not conform to the requirements of this Order will be stricken.

**A.  Schedule**

  **1.**  Upon the filing of any non-summary judgment motion, the movant shall either incorporate into the motion the arguments and/or authorities upon which it relies or *simultaneously* file a separate brief with its initial motion.

  **2.**  The opponent's responsive brief shall be filed no later than **ten (10) calendar days** thereafter. (NOTE: Days should be calculated without taking into account Fed. R. Civ. P. 6. However, if the due date falls on a weekend or court holiday, the due date shall be the next business day).

  **3.**  The movant's reply brief shall be filed no later than **five (5) calendar days** after the date on which the opponent's responsive brief is filed. (NOTE: Days should be calculated

---

[1] The designation Exhibit B carries with it a historical importance in this court. (NOTE: This is not an Exhibit A attached to the Initial Order.).

[2] NOTE: The following instructions do not apply to summary judgment motions unless an order of the court specifically provides otherwise. Any motion(s) for summary judgment filed in this action shall be governed by the provisions of Appendix II to the Uniform Initial Order, which can be viewed on the court's website at www.alnd.uscourts.gov/Proctor/ProctorsPage.htm.

without taking into account Fed.R.Civ.P. 6. However, if the due date falls on a weekend or court holiday, the due date shall be the next business day).

The parties shall transmit their briefs in such a manner that their opponents will not suffer any undue delay in the receipt of their service copies of any briefs. It is the intent of the court that each party shall be afforded a full and fair opportunity to be heard and counsel are expected to take care that service of copies is not unreasonably delayed.[3] Upon conclusion of the submission schedule, the court may take the motion under submission without further notice to the parties and materials submitted after the close of the submission schedule will not be considered in ruling on the motion absent obtaining leave of court.

**B.    Briefs**

The parties shall *electronically file* their briefs through the court's CM/ECF system and shall submit an exact courtesy copy of the brief to the Clerk's office for delivery to the court's chambers.[4] The parties are then required to email their briefs, in Word or WordPerfect format, to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*. The materials submitted to the Clerk's office for delivery to the court's chambers, as well as those sent via email, shall contain the exact same materials and only the materials which are electronically filed through the court's CM/ECF system. There must be no differences between the electronically "filed" briefs and the "copy" provided to the court, except that the courtesy copy submitted for chambers *must* be *three-hole punched*. In the event of a later appeal, the court will not look favorably upon

---

[3] The opposing party should typically receive a copy of all materials on the same date that the submission is made to the court, but in no event more than one (1) business day later.

[4] Deliveries are no longer accepted in the court's chambers unless prior arrangements have been made.

motions to supplement the record on appeal to add materials on the ground that such materials were submitted to the court but were not electronically "filed" with the Clerk.

Briefs should be entitled "[Movant's or Opponent's] [Initial, Responsive or Reply] Submission in Response to Exhibit B of the Court's Order" to ensure that the brief will be filed by the Clerk in the official court record. The text of initial and responsive briefs shall not exceed twenty-five (25) pages and reply briefs are limited to ten (10) pages.[5] Briefs exceeding ten (10) pages in length shall have incorporated therein a table of contents that accurately reflects the organization of the brief itself. Tables of Contents shall not be included for purposes of computing the number of pages in a brief.

## C.      Required Certification

Counsel for either party (or any individual under the direction or control of a party), signing any document, including an affidavit, in connection, either directly or indirectly, with a motion, response to such a motion, or a reply to any such response, shall certify by his or her personal signature and as an officer of the court that he or she has affirmatively and diligently sought to submit to the court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of all submissions to ensure that the submissions do not include vague language or an overly broad citation of evidence or misstatements of the law, and that all submissions are non-frivolous in nature.

---

[5] Briefs must be typewritten and double spaced, using at least 12-point type. The court expects that counsel will respect the page limitation established by this order. Transparent attempts on the part of counsel to circumvent page limitations by manipulating type sizes, margins, line spacing, or other similar end runs will not be tolerated.

**D.**     **Oral Argument**

Upon receipt of the motion, the court may schedule the motion for consideration at a separate hearing or motion docket.  Oral argument is not required, but either party may submit a request for oral argument by noting the request on the style of the pleading itself or by serving a request on the court and opposing party.  Separate requests for oral argument should not be filed.  The court will permit oral argument if the court deems it necessary, helpful, or appropriate.